UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY A. JENSON,

    Plaintiff,

    v.

UNITED STATES DEPT. OF LABOR, EMPLOYMENT AND TRAINING ADMINISTRATION, SAN FRANCISCO OFFICE,

    Defendant.

Case No. 22-cv-00924-RS

**ORDER DENYING "MOTION TO COMPLY WITH DUTY TO ENFORCE FEDERAL LAW"**

Plaintiff's "motion to comply with duty to enforce federal law" is denied. Plaintiff asserts a "governor of a state cannot cancel a Federal law, enacted by the U.S. Congress." While that is true, it is not what happened here. Instead, Congress enacted a law providing for federal funding of certain unemployment benefits, but gave states the option to participate in the program or not. *See*, 15 U.S.C. § 9023(a) ("Any State which desires to do so may enter into and participate in an agreement under this section with the Secretary of Labor . . . ."). Congress also gave states the right to withdraw from such agreements "upon providing 30 days' written notice to the Secretary." *Id.*

States were entitled to receive federal funds to cover payment of those unemployment benefits "either in advance or by way of reimbursement," but only if they were participating in the program under an agreement with the Secretary of Labor. *See*, 15 U.S.C. § 9023(d) ("There shall be paid to each State *which has entered into an agreement under this section* . . . ." (emphasis

added)).

Accordingly, once the State of Idaho, at the direction of its governor, terminated its agreement with the Secretary of Labor, Idaho residents had no entitlement to the payments, the state had no right of reimbursement from the federal government if it nevertheless made the payments, and the federal government had no obligation to either Idaho or its residents to make the payments. While plaintiff may feel it is unfair that he and other Idaho residents were treated differently than residents of states that continued participating in the program, that is a function of our federal system and the political decisions of the elected leaders of the states. It does not mean he has a claim against the Department of Labor—or any other branch or department of the federal government. Accordingly, his request to change the defendant to be the Department of the Treasury's "Judgment Fund" would not alter the result.

This case has already been dismissed.  No further motions will be considered.

**IT IS SO ORDERED**.

Dated: July 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge